158            CASES IN CHANCERY.

ROBERT H. McCARTER, attorney-general of the State of New
Jersey, ex rel. BOARD OF RAILROAD COMMISSIONERS OF
THE STATE OF NEW JERSEY,

*v.*

UNITED NEW JERSEY RAILROAD AND CANAL COMPANY and THE
PENNSYLVANIA RAILROAD COMPANY, lessee.

[Decided November 20th, 1908.]

1. A demurrer admits the truth of the facts in a bill or information
only for the purpose of denying that the law arising upon those facts
entitles the complainant or informant to relief; and a demurrer contain-
ing a protestation of the truth of the facts, while thus qualifiedly ad-
mitting them, is not bad as a denial of the truth of the facts pleaded,
but is good in form.

2. When the attorney-general files an information in the court of chan-
cery under a statute imposing certain duties upon railroad corporations,
and prays relief which by the statute the court is empowered to grant, the
defendants may demur generally, alleging that the informant has not made
or stated such a case as entitles him to relief; and a demurrer in such
form constitutes an appropriate pleading.

3. A motion to strike out a demurrer as insufficient is according to the
established practice.

4. A demurrer which goes to the whole information and raises the ques-
tion of want of power in the court to grant relief will not be struck out
as insufficient unless it is frivolous; and especially when the argument
of the motion was confined alone to the question of form will it not be
struck out, if the form be good.

5. The demurrer in this case considered, and that part of it which is in
the form of a general demurrer, *held* to be good; and that part which
consists of specification of causes of demurrer, *held* bad, because not
pointing out particular defects in the information.

On motion to strike out demurrer.

*Mr. Nelson B. Gaskill,* assistant attorney-general, for the
motion.

*Mr. Alan H. Strong, contra.*

WALKER, V. C.

The attorney-general on the relation of the board of railroad commissioners has exhibited an information in this court, in which he shows that the board was constituted and appointed pursuant to the provisions of an act of the legislature entitled "An act to create a board of railroad commissioners for the State of New Jersey and prescribing its powers and duties," approved May 15th, 1907; that in section 8 of the act the board is charged with the duty to hear and examine complaints touching railroad service, and applications for changes of stations, crossings, abolition of grade crossings and all other matters of railroad operation; to see that the laws of this state regulating said railroad companies are observed and enforced; to have authority upon such matters to make and issue such orders to any railroad company as in the judgment of said board shall be reasonable and just, which said orders said railroad company shall comply with; that upon failure to do so said board shall report the failure to comply with said orders and all such violations, with the facts in their possession, to the attorney-general, and it shall then be his duty, within thirty days, to institute proper proceedings to enforce the order or orders of said commission, to recover suitable penalties or damages, or to institute proceedings in equity, *mandamus,* injunction, receivership proceedings or other civil remedies.

Further, that "The New Jersey Railroad and Transportation Company," a body corporate by virtue of the provisions of an act of the legislature entitled "An act to incorporate The New Jersey Railroad and Transportation Company," passed March 7th, 1832, by section 6 of said act of incorporation was invested with all the rights and powers necessary to the construction and repair of a railroad from New Brunswick through or near Rahway and Woodbridge, through Newark, and thence to the Hudson river opposite the city of New York; that by section 20 of said act of incorporation it was made the duty of said New Jersey Railroad and Transporation Company to construct and keep in repair, good and sufficient bridges or passages over or under said railroad where any public or other road shall cross the same, so that the passage of carriages, horses and cattle on said road shall

not be impeded thereby; that said New Jersey Railroad and Transportation Company subsequently, and in pursuance of the powers and subject to the limitations of said act of incorporation, constructed its railroad upon the route mentioned; that subsequently a certain agreement of consolidation was made between the Delaware and Raritan Canal Company, The Camden and Amboy Railroad and Transportation Company, on the one part, and the said New Jersey Railroad and Transportation Company, on the other part, whereby the said New Jersey Railroad and Transportation Company became merged in and with the other parties to the said agreement, under the name of "The United New Jersey Railroad and Canal Company;" that the said agreement was made pursuant to the powers granted by, and subject to the limitations contained in, a certain act of the legislature entitled "An act to validate and confirm certain agreements between the companies owning the railroad lines between New York and Philadelphia," approved February 27th, 1867; that in and by section 2 of said act it was provided that the respective charters of said companies with all the restrictions and liabilities therein contained, except as necessarily modified by such consolidation, should continue in force; that subsequently, and on June 30th, 1871, the Delaware and Raritan Canal Company, the Camden and Amboy Railroad and Transportation Company, and the said New Jersey Railroad and Transportation Company, being then merged into and known as the United New Jersey Railroad and Canal Company, together with the Philadelphia and Trenton Railroad Company, as parties of the first part, entered into certain articles of lease and contract with the Pennsylvania Railroad Company, whereby the latter company, as lessee, became, and was, and is, entitled to hold, and now does hold, use and enjoy the property and franchises of the several lessors; that said articles of lease and contract were ratified, confirmed and validated by an act of the legislature entitled "An act to validate and confirm a certain lease and contract between the companies now known as the 'United New Jersey Railroad and Canal Company,' and 'The Pennsylvania Railroad Company,'" approved March 27th, 1873; that a railroad, constructed and operated pursuant to the privileges and powers, and subject to

the limitations contained in the act incorporating the New Jersey Railroad and Transportation Company, is now operated through the city of Rahway, and the tracks thereof cross a certain public street and highway of said city, known as Irving street, at grade, and at a point where said street is joined by another public street and highway known as Broad street, which runs parallel with the right of way of said railroad; that said crossing is about sixty-five feet long and forty-five feet wide, and over it, the railroad, has four tracks, two of which are normally used for freight and two for passenger trains, and over which tracks continuously passes and repasses at all hours of the day and night an enormous and heavy railroad traffic destined to and from the city of Newark, Jersey City, New York and elsewhere; that the right of way of said railroad through the city of Rahway is fenced on each side for practically its entire extent, by reason whereof no speed regulations for the operation of trains thereon are observed within the limits of said city, but a large number of express trains, both freight and passenger, constantly pass through the said city and over the said crossing at a high rate of speed; that the city of Rahway is estimated to contain ten thousand inhabitants and is divided by the said railroad tracks into two practically equal parts, of which the eastern part is chiefly the residential section and the western part chiefly the business section, and all the travel and intercourse between the two sections must pass and repass over the said railroad tracks by means of the public streets and highways of the city; that Irving street by reason of its location is one of the principal crossings and is constantly and continuously used by a very large number of pedestrians, teams, both light and heavy, and by one line of electric street railway cars; that there is no overhead bridge or underground tunnel at Irving street, but that all travel must pass over said crossing at grade, which crossing is at present protected by appliances commonly known as safety gates, and by a flagman, but owing to the heavy travel over said crossing by pedestrians, vehicles and street cars, and the continual and constant passage of trains at a high rate of speed over and along the said railroad tracks at said street, the inhabitants of the city of Rahway and all other persons passing along said street and

11

across the said railroad tracks at that crossing are constantly and continuously subjected to inconvenience, delay and obstruction in the conduct of their affairs, and to the liability of bodily injury and death, and that the passengers and employes upon the trains operated upon the said railroad tracks are also constantly and continuously subjected to the liability of bodily injury, arising from the collision of such trains with vehicles upon the said crossing.

Further, that the Pennsylvania Railroad Company, lessee as aforesaid, has been requested by the said board of railroad commissioners to provide some other method for the passage of travel over said Irving street, which will remove or alleviate the present inconvenience, delay obstruction and danger hereinbefore set out, and render the said crossing a good and sufficient passage over or under the said railroad, as required by the act of the legislature incorporating the said New Jersey Railroad and Transportation Company, but that the said Pennsylvania Railroad Company, lessee as aforesaid, hitherto has refused, and still does refuse so to do.

Further, that it is the duty of said Pennsylvania Railroad Company, lessee as aforesaid, by virtue of the premises aforesaid, to construct and keep in repair a good and sufficient bridge or passage over or under the said railroad where Irving street crosses the same in the city of Rahway, so that the passage of carriages, horses and cattle on said Irving street shall not be impeded thereby, and that this duty is a continuing duty which is not discharged when once performed, but always must be measured by circumstances, and this duty now demands that the crossing as now maintained shall be discontinued and some other method of crossing substituted, which will be, measured by present conditions and circumstances, a good and sufficient crossing within the meaning of the act incorporating the New Jersey Railroad and Transportation Company.

The prayer is that the United New Jersey Railroad and Canal Company and the Pennsylvania Railroad Company, lessee of the United New Jersey Railroad and Canal Company, may, by mandatory injunction, be compelled to construct and keep in repair good and sufficient bridges or passages over or under the said

railroad tracks where Irving street crosses the same in the city of Rahway, so that the passage of carriages, horses and cattle on said Irving street shall not be impeded thereby, the sufficiency whereof shall be measured and determined by the exigencies of the present public travel over said crossing; and that in order to give force and precision to the order of the court and to enable the defendants more readily to comply therewith, and the informant more readily to inform the court in the event of noncompliance with its order, if such should be the case, that the court may inquire into and thereupon direct what method of crossing, whether by change of grade of railroad tracks or of Irving street, or otherwise, should be adopted by the defendants and constructed and maintained by them as a good and sufficient crossing over the said Irving street, and for other and further relief.

To this information the defendants the United New Jersey Railroad and Canal Company and the Pennsylvania Railroad Company have jointly and severally demurred. The demurrer is general in form, and it also purports to specify several causes of demurrer in addition. That part which is general, reads as follows:

"(1) These defendants by protestation, not confessing all or any of the matters and things in the said information contained to be true in such manner and form as the same are therein set forth and alleged, demur thereto, and for cause of demurrer show that the said informant hath not, in and by the said information, made or stated such a case as entitles him in this honorable court to any discovery from these defendants or either of them, or to any relief against them or either of them as to the matters contained in the said information or any of such matters."

For further cause of demurrer the defendants aver (2) that it does not appear by the information that the existing crossing of the railroad tracks by Irving street is not a good and sufficient crossing and passage, nor that the said defendants or either of them have not fully discharged their legal obligation in that behalf; (3) that the mayor and common council of the city of Rahway are not made a party to the information; (4) that the board of railroad commissioners has no lawful power or authority in respect to the conditions alleged in the information to exist at the crossing of Irving street and said railroad, nor any lawful

power or authority to act as relator in the information; (5) that this court is without jurisdiction to grant any relief under the information.

The attorney-general now moves to strike out the demurrer (1) for the reason that it contains in fact both a plea and a demurrer to the information; also (2) to strike out the first cause of demurrer because it is too general, in that it does not state with sufficient particularity the cause alleged, and also because it does not contain any confession of the truth of the matters set out in the information, and thereafter denies that such matters entitle the informant to any discovery or relief, and because it raises a question of fact upon the denial of the truth of the matters contained in the information; also (3) to strike out the second cause of demurrer because it is too general and does not aver with sufficient particularity any cause of demurrer; also (4) to strike out the third cause of demurrer because it does not set forth with sufficient particularity any right on the part of the defendants to complain of the misjoinder or non-joinder of other parties, nor the necessity for a joinder of said parties; also (5) to strike out the fourth cause of demurrer because the same does not set forth with sufficient particularity the reason why the board of railroad commissioners has no lawful power or authority in respect to the conditions alleged in the information, nor to act as relator; also (6) to strike out the fifth cause of demurrer because it does not set forth with sufficient particularity wherein the court of chancery is without jurisdiction to grant any relief under the information. .

The motion to strike out is rested on six different grounds and the causes of demurrer including the general demurrer for want of equity number five. The first two objections go to the general demurrer, which I have numbered one.

A motion to strike out an insufficient demurrer is in accordance with the established practice. *Bishop* v. *Waldron, 56 .N. J. Eq. (11 Dick.) 484, 486.*

The several grounds of the motion to strike out will now be considered in their order. .

*First.* The informant asserts that the demurrer contains in fact both a plea and a demurrer to the information. This ob-

jection on the argument was leveled against that part of the demurrer which is general and which is above recited *verbatim*. The contention of the attorney-general in this regard is, that the demurrer does not unequivocally admit the truth of the information, and that the pleading, as drawn, only qualifiedly admits the truth, that is, admits the truth only for the purpose of argument, and reserves the question of fact. He cites *Graham* v. *Spence, 71 N. J. Eq. (1 Buch.) 183,* as authority for his position. Neither that case nor *Teeter* v. *Veitch, 66 N. J. Eq. (21 Dick.) 162,* upon which it is rested, bear out counsel's contention. The form of the demurrer interposed in neither of those cases is set out in the opinions. In the former case it is distinctly said that a demurrer which denies facts alleged in the bill will not be considered; and in the latter it is held that if a demurrer introduces any facts or misrecites the statement of the bill it will not be sustained.

The demurrer itself is in the form immemorially used in cases where an attack is made upon a bill for want of equity, and follows the form of the commencement of a demurrer in *Dick. Ch. Prec. 89,* and follows the general averment of want of equity. *Ib. p. 92.* Protestation against the truth of the matters contained in the bill is a practice borrowed from the common law and undoubtedly intended to avoid conclusion in another suit or in the suit in which it is put in, in case the demurrer should be overruled. *Dan. Ch. Pl. & Pr. *585.*

The only criticism which can be made upon the form of the demurrer, so far as I can see, is, that it asserts that the informant is not entitled to any "discovery" as well as any relief. As no discovery is prayed, the demurrer might better have averred that the informant had not made or stated such a case as entitles him to any "relief" against the defendants, omitting reference to discovery. However, the assertion that the informant is not entitled to "discovery" should be, and will be, disregarded as surplusage.

Strictly speaking, there is no "equity" in the information at all. It is not a bill praying relief under any recognized head of equity jurisprudence, but is a pleading invoking the aid of the court under a statutory jurisdiction recently conferred. The

court of chancery is the forum pointed out *for the administra-
tion of the remedy given by the legislative enactment upon the
particular state of facts pleaded, because its writ of injunction
is the only appropriate method of enforcing the statutory duty
imposed upon the defendants. However, the defendants are
entitled to resist the informant by any defence known to equity
pleading, one of which is by demurrer. And the demurrer may
be of any kind recognized in practice. There are, as is well
known, two kinds, general and special; and although rule 209
of this court requires that all demurrers, whether general or
special, shall distinctly specify the ground or several grounds of
demurrer, it has been held that a simple statement of want of
equity, in the usual language of a general demurrer, will con-
stitute a sufficient specification of the ground of demurrer in
cases where the court finds, on looking at the complainant's
bill, that his right to relief is doubtful or uncertain. *Essex
Paper Co.* v. *Greacen, 45 N. J. Eq.* (*18 Stew.*) *504; Safford*
v. *Barber, 70 Atl. Rcp. 371.*

If, in a cause invoking a strictly statutory jurisdiction of the
court, the defendant conceives that such a case has not been
made by the bill, or other equivalent pleading, as entitles the
complainant to relief, he may file a demurrer, general in form,
which form is just as appropriate as a general objection to relief
under a statute as under a principle of equity, if the language
employed is that such a case has not been made or stated as en-
titles the complainant to relief.

Now, that is exactly what the general demurrer in this case
avers, namely, that on the face of the information the informant
is not entitled to relief. That question the demurrant is en-
titled to solemnly argue, and it cannot properly be considered
and decided on a motion to strike out, unless upon inspection of
the information it so clearly appears that the informant is en-
titled to relief that the demurrer may be said to be frivolous.
In this connection it is sufficient to remark that the matter *sub
judice* was presented and argued only as to the form of the de-
murrer, and, consequently, the only question that is decided is
as to the form of the pleading. Its form, in my judgment, is
good and sufficient.

*Second.* It is asserted that the first specified cause of demurrer is too general in that it does not state with sufficient particularity the cause alleged, and because it denies any confession of the truth and denies that the statements of the information entitle the informant to any relief, and because it raises a question of fact upon the denial of the truth of the matter contained in the information.

This is disposed of in the observations already made on the form of the general demurrer.

Referring again to the form of a demurrer as regulated by rule 209, it is to be observed that it has been held that where the defect in the bill is obscure or latent to such an extent that the court cannot readily discern it, an explicit statement of the ground will be required. *Essex Paper Co.* v. *Greacen, ubi supra.* And where the want of power in the court to grant the relief prayed springs out of some cause which can be distinctly stated in the demurrer in an intelligible proposition, whether it be collateral to the bill, strictly speaking, or whether involved in the main case, then the cause of demurrer must be specified. *Safford* v. *Barber, ubi supra.*

The grounds of demurrer specified in the pleading under consideration will now be examined with a view to ascertaining whether the specifications distinctly point out specific objections to the information.

*Third.* The assertion is that the second specified cause is too general and does not aver with sufficient particularity any cause of demurrer.

This cause asserts that it does not appear by the information that the existing crossing at Irving street is not good and sufficient or that the defendants or either of them have not fully discharged their legal obligation in respect to it. To my mind the assertion in the demurrer in this behalf is insufficient. The information shows, by the recital of facts which are above set forth, and which it is not necessary here to repeat, that the railroad crossing at Irving street, Rahway, is such as subjects to inconvenience, obstruction and delay the citizens of this state, who are required to pass and repass over the crossing on foot or with horses and wagons, and subjects to the liability of bodily injury

and death all such persons, and also the passengers and employes upon the trains of the railroad operated at the place in question; further, that it is the duty of the Pennsylvania Railroad Company, lessee, by virtue of the act of the legislature incorporating the New Jersey Railroad and Transportation Company to maintain a good and sufficient passage over or under the railroad at Irving street, and that the duty is a continuing one, not discharged when once performed, but always to be measured by circumstances, and that that duty now demands that the present crossing shall be discontinued and some other method of crossing substituted, which will, measured by present conditions and circumstances, be a good and sufficient crossing within the meaning of the act incorporating the railroad company last mentioned.

The information contains an averment of facts showing, or tending to show, the inadequacy and danger of the present crossing of Irving street, and the specification of demurrer directed at this state of facts is that they do not make it appear that the crossing is not good and sufficient. Here is no denial of the truth of the facts alleged, but an attempted denial that those facts warrant the conclusion which the pleader draws from them. This, in my opinion, may not be done, because, whether or not the crossing is, at the present time, of the character attributed to it by the information, is an issuable averment, which is confessed by the demurrer. *Pope* v. *Shinkle, 45 N. J. Law (16 Vr.) 39.*

Although a demurrer only confesses the matters stated in the bill to be true which are well pleaded and does not admit any matters of law which are suggested in the bill or inferred from the facts stated (*1 Dan. Ch. Pl. & Pr. *545; Redmond* v. *Dickerson, 9 N. J. Eq. (1 Stock.) 507; Paterson H. Railroad Co.* v. *Jersey City, Ib. 434*), nevertheless, because in the information it is averred that the crossing is insufficient and dangerous, stating facts tending to warrant that conclusion, and because the demurrer confessed those facts, a question is presented, which is traversable and not demurrable.

*Fourth.* The informant contends that the third specified cause of demurrer is too general and does not with sufficient particu-

larity point out any right on the part of the defendants to complain of non-joinder or necessity for the joinder of any other party. The cause alleged is that the city of Rahway is not made a party to the information.

In *Wilson* v. *Bellows, 30 N. J. Eq.* (*3 Stew.*) *282,* Mr. Justice Scudder, speaking for the court of errors and appeals (at *p. 284*), said: "There can be no question that this defect in joining proper parties can be taken advantage of by demurrer where it appears on the face of the bill as it does in this case."

Whenever a want of parties appears on the face of a bill, it is a cause of demurrer, unless a sufficient reason for not bringing them before the court is suggested. *1 Dan. Ch. Pl. & Pr. \*558.*

The legislature has imposed upon the railroad company the duty of constructing and maintaining a railroad crossing at Irving street, in the city of Rahway, and has also clothed the relator with the power and duty of enforcing this obligation of the railroad. Whether or not the charter of Rahway imposed upon it any duties in this regard, which conflict with the powers of the relator, or with reference to which it may or must act in conjunction with the relator, might properly be raised by pleas. Certain it is that the information does not, and the demurrer cannot, give us any information on the subject. Duties committed formerly to the municipality of Rahway and devolved upon the relator by the act of its creation, if any such there be, would seem to be duties now belonging to the relator under the rule for the construction of inconsistent statutes; but that is not a matter decided or even mooted upon this argument. There is nothing upon the face of the bill whereby it can be said that it appears that the city of Rahway should be made a party to the information, or that the defendants are injured by want of the presence of the municipality named as a party in the cause.

This objection to the cause of demurrer is, in my opinion, well taken.

*Fifth.* The motion is to strike out the fourth cause of demurrer because it does not set forth with sufficient particularity the reason why the relator has not lawful power or authority in respect to the premises nor to act as relator.

The answer to this is that the assertion by the demurrant that the relator has no power in the premises goes directly to the question of the validity of the act under which the relator was created, and to the scope and extent of its powers.  It is only another statement of the want of jurisdiction appearing upon the face of the whole bill, and it is, in my judgment, comprehended under the general demurrer and is bad as a specified cause.

*Sixth.* It is claimed that the demurrer does not set forth with particular sufficiency wherein this court is without jurisdiction to grant any relief under the information, the cause alleged being that the court is without such jurisdiction.  This is only a statement in another form of the general want of jurisdiction, and for the reason given as to the last cause considered it is insufficient.  If it refers to any collateral matter, it should have been specifically stated.  As the demurrant by his formal demurrer first above referred to has attacked the power of the court to grant relief generally, the attack made in the sixth specified cause of demurrer may well be considered to refer to some collateral matter, else it is entirely unnecessary to be pleaded, and it should, for want of particularity, be overruled.

The result is that the motion to strike out the first cause of demurrer, that is, that part of the demurrer which is general in form, will be overruled, and the motion to strike out the specified causes of demurrer will be granted, and they will all be struck out.  That leaves the cause before the court on a general demurrer limited in its scope under the rule of court and decisions to which reference has been made.